IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRYL NICHOLS : | |
| : | |
| v. : | CIVIL NO. CCB-12-2536 |
| : | Criminal No. CCB-09-063 |
| UNITED STATES OF AMERICA : | |

...o0o...

**MEMORANDUM**

Federal prison inmate Darryl Nichols, has filed a motion to vacate under 28 U.S.C. § 2255 challenging his 180-month sentence following his guilty plea to a charge of unlawful possession of a firearm under 18 U.S.C. § 922(g)(1). The sentence was imposed after this court found that he qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Nichols filed a direct appeal with the Fourth Circuit, which affirmed the sentence on January 6, 2012. 461 F. App'x 213 (4th Cir. 2012). Nichols now contends that his counsel was ineffective for failing to argue (1) that the "otherwise" or "residual" clause of the ACCA is unconstitutionally vague and (2) that Nichols's conviction for resisting arrest does not qualify as a crime of violence under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2010) because he received probation and "was not subject to more than one year in prison" for his conviction. (Motion at 28).

Nichols's argument that resisting arrest does not qualify as a crime of violence, was addressed and rejected on appeal by the Fourth Circuit, which noted that the decision in *United States v. Jenkins*, 631 F.3d 680, 685 (4th Cir. 2011) was controlling. *Jenkins* held that the Maryland common law crime of resisting arrest was a crime of violence for purposes of the career offender enhancement. His contention that he was not "subject to" more than a year in prison is incorrect. The fact that he received probation does not change the analysis, as he could

1

have received more than a one-year sentence.[1]  Finally, his argument that the residual clause is unconstitutionally vague also is without merit under controlling case law.  *United States v. Hudson*, 673 F.3d 263, 268-69 (4th Cir. 2012).

Because Nichols's current arguments are not legally correct, counsel was not ineffective for failing to raise them, nor has Nichols shown any prejudice.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Accordingly, his motion must be denied.  No certificate of appealability is warranted under 28 U.S.C. § 2253(c)(2).

A separate Order follows.


January 16, 2013                                                  /s/
         Date                                              Catherine C. Blake
                                                           United States District Judge

---

[1] *Simmons* has been held not retroactively applicable, in any event. *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012).